UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 14-223 (DSD/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Thomas E. Rosensteel, II (1),<br>Robert S. Aslesen (2),<br>Justin J. Christenson (3), | |
| Defendants. | |

William Otteson and Robert Lewis, Assistant United States Attorneys, for Plaintiff.
Paul Engh for Defendant Thomas Edward Rosensteel, II.
Paul Baertschi for Defendant Robert Scott Aslesen.
Deborah Ellis for Defendant Justin Joseph Christenson.

**THIS MATTER** came before the undersigned United States Magistrate Judge on December 11, 2014 on Defendants Thomas E. Rosensteel, Robert S. Aslesen, and Justin J. Christenson's (collectively, "Defendants") pretrial motions (ECF Nos. 53, 63, 64, 68, and 72). Defendants jointly move to dismiss the indictment (ECF No. 68). Additionally, Defendant Rosensteel moves to suppress evidence seized from his house on December 9, 2008 pursuant to a search warrant (ECF No. 72) and to suppress a consent order he negotiated with the Minnesota Department of Commerce (ECF No. 63). Defendant Christenson also moves to suppress his consent order (ECF No. 64). Finally, Defendant Aslesen moves to suppress evidence seized from his house on December 17, 2008 pursuant to a search warrant (ECF No. 53). The Government opposes all of Defendants' motions. The matter was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. At the hearing, the Government entered four exhibits into

evidence.[1] For the reasons that follow, the Court recommends that Defendants' motions be **DENIED**.

## I. FINDINGS OF FACT

On July 9, 2014, Defendants were indicted by a grand jury on eight counts of wire fraud, in violation of 18 U.S.C. §§ 2 and 1343, and on one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. Indictment ¶¶ 19–24, ECF No. 1. According to the indictment, "[t]his is a mortgage fraud case in which the defendants devised and executed a scheme to defraud mortgage lenders, and conspired with one another and others to defraud mortgage lenders financing the purchase of real estate." *Id.* ¶ 1.

The Government contends that the Defendants, among other things, "caused false loan applications, false supporting documents, and false settlement and closing documents to be submitted to mortgage lenders on behalf of buyers." *Id.* ¶ 12. In many instances, the Government argues, the applications "falsely overstated buyers' income and assets." *Id.* According to the indictment, the Defendants also "caused altered bank statements to be submitted to mortgage lenders to make it appear as if some buyers had assets sufficient to meet their down payment obligations." *Id.* Additionally, the Defendants allegedly "caused settlement and closing documents to be submitted that falsely represented the terms of the proposed transactions, including the true purchase prices of the properties and the concealed kickback payments that were to be made from the loan proceeds." *Id.* The indictment lists eight wire transfers made by Washington Mutual Bank

---

[1] The Government's exhibit 1 is a search warrant, dated December 9, 2008, issued by a Minnesota state court judge to search Rosensteel's home and vehicles; exhibit 2 is a search warrant, dated December 8, 2008, issued by a Minnesota state court judge to search Aslesen's home and vehicles; exhibit 3 is a consent order, dated August 24, 2009, issued by the Minnesota Commissioner of Commerce as to Rosensteel; and exhibit 4 is an order, dated November 30, 2011, issued by the Minnesota Commissioner of Commerce as to Christenson.

("WaMu") to various companies run by the Defendants that the Government claims constituted wire fraud.

## II. LEGAL ANALYSIS

**A.     Motion to Dismiss**

Defendants all  move to dismiss the indictment. *See* Mot. to Dismiss, ECF No. 68. Defendants argue that WaMu, the alleged victim in this case, "knew the mortgages it processed were fraudulent and sold them anyway on a bundled basis" and thus was a co-conspirator to the crimes the Defendants allegedly committed. *Id.* at 2. As a co-conspirator, Defendants argue that WaMu cannot also be a victim to the crime and therefore, the indictment should be dismissed. *Id.* at 2–3. The Government opposes the motion, arguing that "the well-pleaded Indictment adequately and sufficiently states offenses committed by each of the defendants." Gov't's Resp. to Defs.' Pretrial Mots. 18, ECF No. 76.

"[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar or future prosecutions for the same offense." *United States v. Morris*, 18 F.3d 562, 568 (8th Cir. 1994) (quoting *Hamling v. United States*, 418 U.S. 87 (1974)). "An indictment normally will be deemed sufficient unless no reasonable construction can be said to charge the offense." *Id.* (internal quotation marks omitted).

Defendants have not alleged that the indictment failed to contain the elements of the offense charged or that it did not adequately inform them of the charges they must defend against. Defendants only argue that WaMu was a co-conspirator to these crimes and thus cannot be a

"victim" to the Defendants' conduct. Whether WaMu was in fact a co-conspirator and what effect, if any, that may have on the Defendants' culpability, is a fact question for the jury. *See United States v. Hirsch*, 360 F.3d 860, 863 (8th Cir. 2004) (stating that determining guilt or innocence based on factual elements of the offense is the responsibility of the jury). There is nothing about the victim's alleged complicity in the crime, that would compel dismissal of the indictment. Accordingly, the Court recommends that Defendants' motion to dismiss the indictment (ECF No. 68) be denied.

**B.      Suppression of Consent Orders**

Prior to the instant indictment, the Minnesota Department of Commerce issued orders revoking certain real estate licenses of Defendants Rosensteel and Christenson due to many of the same actions that form the basis for the present case. *See* Gov't Exs. 3 and 4. In Rosensteel's case, he consented to the entry of the order revoking his real estate licenses and signed an agreement wherein he admitted that the findings made in the order were true. Gov't Ex. 3, at 5. Christenson, however, never consented to the order revoking his licenses and did not admit any of the allegations made against him. *See* Gov't Ex. 4.

Rosensteel and Christenson each move this Court to suppress and exclude evidence of these orders issued by the Minnesota Department of Commerce. *See* ECF Nos. 63 and 64. The Government reported that it does plan to introduce Rosensteel's consent order at trial. ECF No. 76 at 24. However, it also stated that because Christenson did not make any admissions in his order, the Government does not intend to introduce Christenson's order at trial. *Id.* Accordingly, the Court concludes that Christenson's motion is now moot.

Rosensteel argues that the order should be excluded as evidence pursuant to Federal Rule of Evidence 408. ECF No. 63 at 2. Rule 408, however, states in relevant part:

4

>   (a)   Evidence of the following is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim . . . :
>   . . .
>   (2)   conduct or a statement made during compromise negotiations about the claim—except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

Fed. R. Evid. 408. Therefore, while it is true that evidence of statements made during compromise negotiations are generally inadmissible under Rule 408, an exception applies to statements made in negotiations with a public office exercising its regulatory, investigative, or enforcement authority. Fed. R. Evid. 408(a)(2).

Here, the Minnesota Department of Commerce was exercising its regulatory, investigatory, and enforcement authority as it was investigating the actions of Rosensteel in order to decide whether to revoke his real estate licenses. The Department of Commerce is empowered to take such actions against real estate licensees pursuant to Minnesota Statute section 45.027, subdiv. 7. As indicated in Rosensteel's brief, the statements Rosensteel made in the order were made as part of a compromise with the Minnesota Department of Commerce. ECF No. 63 at 1. Accordingly, the Court concludes that the consent order against Rosensteel falls within the Rule 408 exception to the general rule that statements made during compromise negotiations are inadmissible.

Therefore, the Court recommends that Rosensteel's motion to suppress and exclude his consent order (ECF No. 63) be denied. Additionally, because the Government does not plan to introduce the Department of Commerce's order against Christenson, the Court recommends that Christenson's motion to suppress and exclude his consent order (ECF No. 64) be denied as moot.

**C.   Suppression of search warrant evidence**

Defendants Rosensteel and Aslesen move to suppress all evidence seized as a result of search warrants that allowed authorities to search their homes and vehicles. *See* ECF Nos. 53 and 72.

Rosensteel and Aslesen argue that the affidavit in support of the application for the search warrants did not establish probable cause that evidence of a crime would be found in Rosensteel's and Aslesen's homes or vehicles.[2] *Id.* Contrastingly, the Government argues that the warrants were amply supported by probable cause of a mortgage fraud scheme. ECF No. 76 at 3. Furthermore, the Government argues that even if the supporting affidavit failed to establish probable cause, the officers acted in good-faith reliance when executing the search warrant. *Id.* at 7–8.

Assuming without deciding that the supporting affidavit for both search warrants lacks the requisite probable cause, the Court concludes that the evidence seized is nonetheless admissible under the good-faith exception to the exclusionary rule as articulated in *United States v. Leon*, 468 U.S. 897, 922 (1984). *See also United States v. Clay*, 646 F.3d 1124 (8th Cir. 2011) ("[T]he exclusionary rule should not be applied so as to bar the admission of evidence obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate, even if that search warrant is later held to be invalid." (citing *Leon*, 468 U.S. at 900)). The courts have outlined four situations where an officer's reliance on a warrant would be unreasonable: (1) the officer included information in the affidavit that he knew was false or would have known was false except for his reckless disregard of the truth; (2) the affidavit is so lacking in probable cause that it is objectively unreasonable for the officer to rely on it; (3) the judge failed to act in a neutral and detached manner; or (4) the warrant is so facially deficient that the officer cannot reasonably presume the warrant to be valid. *United States v. Phillips*, 88 F.3d 582, 586 (8th Cir. 1996) (citing

---

[2] The warrant to search Defendant Rosensteel's home and vehicles was signed by a Carver County judge, while the warrant to search Defendant Aslesen's home and vehicles was signed by a Ramsey County judge. *See* Gov't Exs. 1 and 2. Although there were two separate warrants, each warrant application was accompanied by the same supporting affidavit.

*Leon*, 468 U.S. at 922).

Here, Officer Joe Hunt drafted a detailed affidavit he believed contained probable cause to search Rosensteel's and Aslesen's homes and vehicles. The affidavit contained many details regarding the alleged fraudulent scheme, which were discovered after an investigation by both Hunt and the Minnesota Department of Commerce. *See* Gov't Ex. 1 at 4. Hunt then presented the affidavit to two duly appointed judges and subsequently received their authorization to conduct the search. Relying on that authorization, Hunt executed the search of both Rosensteel's and Aslesen's homes and vehicles and seized relevant items. Neither Rosensteel nor Aslesen have alleged any facts that show Officer Hunt's reliance on the warrant was unreasonable under *Leon*. None of the four circumstances described in *Leon* that would render reliance on the search warrants unreasonable are present here. To the extent Rosensteel's and Aslesen's motions seek to suppress evidence seized from their homes pursuant to the search warrants, those items are admissible under the good-faith exception to the exclusionary rule and their motions to suppress (ECF Nos. 53 and 72) should be denied.

### III. RECOMMENDATION

Based upon the foregoing and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Aslesen's motion to suppress search and seizure evidence (ECF No. 53) should be **DENIED**;

2. Defendant Rosensteel's motion to suppress and exclude his consent order (ECF No. 63) should be **DENIED**;

3. Defendant Christenson's motion to suppress and exclude his consent order (ECF No. 64) should be **DENIED** as moot;

4. Defendant Rosensteel, Aslesen, and Christenson's motion to dismiss (ECF No. 68) should be **DENIED**;

    5.      Defendant Rosensteel's motion to suppress search and seizure evidence (ECF No. 72) should be **DENIED**.

DATED: January 8, 2015                               *s/Franklin L. Noel*
                                                                   FRANKLIN L. NOEL
                                                                   United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **January 23, 2015**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **January 23, 2015,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.